# Court of Appeals
# of the State of Georgia

ATLANTA,  September 28, 2023

*The Court of Appeals hereby passes the following order:*

### A24E0016. PARFENOVA v. HEDINGTON SQUARE HOMEOWNERS' ASSOCIATION, INC.

Kseniya Parfenova has filed an emergency motion under Court of Appeals Rule 40 (b). For the reasons set forth below, her motion is DENIED.

Parfenova seeks to have this Court to "accept filings" — namely, a motion to dismiss that was rejected by the trial court clerk. She contends that an emergency motion was necessary in order to include the rejected filings in the appellate record, and the motion was time sensitive because the filings are required to prepare her appellate brief. She asks us to "order that the Motion to Dismiss be placed in the [trial court's] docket as filed as of the time that it was submitted for filing."

As an initial matter, Parfenova's appeal has not yet been docketed by this Court. See Court of Appeals Rule 40 (b) ("Generally, no order shall be made or direction given in an appeal until it has been docketed in this Court."). As such, no appellate brief is yet due, and it is uncertain whether Parfenova's rejected filing will be included in the appellate record. Parfenova's emergency motion appears to conflate the trial court clerk rejecting the filing and the rejected filing's ultimate inclusion in the appellate record.

If Parfenova is concerned that the rejected filing will not be included in the appellate record, or if the trial court clerk transmits the record without the rejected filing, then Parfenova may file a motion to supplement the appellate record with the trial court. See OCGA § 5-6-41 (f) ("If anything material to either party is omitted from the record on appeal or is misstated therein, the parties by stipulation, or the trial court, either before or after the record is transmitted to the appellate court, on a proper

suggestion or of its own initiative, may direct that the omission or misstatement shall be corrected and, if necessary, that a supplemental record shall be certified and transmitted by the clerk of the trial court."). While Parfenova contends that she already filed such a motion, that motion with the trial court sought to have the court accept the rejected filing; the motion did not seek to have the rejected filing included in the appellate record.

Once Parfenova's appeal is docketed with this Court, and if the rejected filing is not included in the appellate record, then she may request that this Court supplement the appellate record with the rejected filing. See Court of Appeals Rule 41 (c). She may also request an extension of time to file her appellate brief. See Court of Appeals Rule 16 (b).

Finally, as to the merits of whether the trial court clerk and the trial court improperly rejected the filing, Parfenova may brief this issue on appeal, assuming appellate jurisdiction is proper.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,* _09/28/2023_

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_Stephen E. Castlen_____, *Clerk.*